## BRADFORD *v.* BRADFORD.

A deed cannot be reformed in equity, where it appears to have been made according to the intention and understanding of the parties at the time of its execution.

As to a parol, contemporaneous contract for a reconveyance of the premises in certain contingencies, the parties must stand upon their rights as they exist at law.

BILL IN EQUITY, as follows: Leonard Bradford, of Washington in said county of Sullivan, yeoman, complains against Elbridge Bradford of the same Washington, yeoman, and says that prior to 1852 the said Elbridge went from New Hampshire, where he had been residing, to the state of Illinois, and that in the said year 1852 he returned to the home of the plaintiff in said Washington with his family, consisting of his wife Lovina Bradford and two children, all of them in a poor and destitute condition as to property and the means of living; that in consideration of the poverty of the said Elbridge, the plaintiff permitted him and his said family to move into the dwelling-house then owned and occupied by the plaintiff in said Washington, and live with him, and to carry on the farm of the plaintiff, also situated in said Washington, jointly with him, the plaintiff; that said Elbridge and his said family continued to occupy said dwelling-house and to carry on said farm of the plaintiff, jointly with him, from the time of his said return to said Washington, in the year 1852, to the first day of May, 1873, or thereabouts; that on or about the 18th day November, 1857, while he and his said family were residing with the plaintiff as aforesaid, the said Elbridge, without the knowledge or consent of the plaintiff, procured one Martin Chase to make out a deed of warranty, in the name of the plaintiff and his wife Betsey J. Bradford as grantors, the said Betsey J. being joined in said deed for the purpose of conveying her rights of dower and homestead, conveying to the said Elbridge, his heirs and assigns, one undivided half of the real estate of the plaintiff, consisting of his said dwelling-house and farm, described in said deed; that the consideration expressed in said deed is the love and affection which the plaintiff and his said wife bear to the said Elbridge, and for divers other good and valid considerations, all of which will fully appear by said deed; that after the making of the said deed, the said Elbridge and said Chase came to the house of the plaintiff, and then and there produced the same for execution by the plaintiff and his said wife; that before the execution of said deed, the same was read to or by the plaintiff, and that after hearing said deed read, or reading the same himself, the plaintiff refused to sign and execute the same, or have anything to do with it; that thereupon, after negotiation by the plaintiff and the said Elbridge, it was mutually agreed and understood by them, in substance, that, in the event

of the death of the said Elbridge, the plaintiff should permit the wife and children of the said Elbridge to have a home with the plaintiff, as they had had during the time the said Elbridge had lived with the plaintiff, since his return to the home of the plaintiff in 1852, as aforesaid ; and that in the event that the said Elbridge should remove from the house and homestead of the plaintiff, he, the said Elbridge, should relinquish and give up all his right, title, and claim in and to the real estate described in said deed, and reconvey the same to the plaintiff; that, in accordance with said mutual agreement and understanding, and upon the condition that the said Elbridge should, in the event of his removal from the house of the plaintiff, relinquish all his right, title, and claim in and to said real estate described in said deed, and reconvey the same to the plaintiff, the plaintiff and his said wife signed and executed said deed and duly acknowledged the same; that the plaintiff avers that the said Elbridge never paid to the plaintiff any money, nor delivered to him any other property, nor gave his note or any security of any kind for the payment of any money for said real estate, or as a consideration for the conveyance of the same to him by the plaintiff by his deed to the said Elbridge as aforesaid ; and that, disregarding his agreement and promise aforesaid with the plaintiff, the said Elbridge, on the first day of May, 1873, by his deed of that date by him duly executed and acknowledged, his said wife Lovina Bradford joining in the same for the purpose of conveying her rights of dower and homestead in the premises therein described, without the consent and against the objection of the plaintiff, conveyed said undivided half of said land conveyed to the said Elbridge by the plaintiff and his said wife as aforesaid, to one John L. Safford, as will fully appear by the deed of the said Elbridge and Lovina to said Safford, a certified copy whereof the plaintiff brings here into court, and to which he craves leave to refer, and the said Safford, claiming under said last-mentioned deed, with his family, has removed into the house of the plaintiff, and now occupies a part of the same, and of the land conveyed by the plaintiff and his said wife to said Elbridge, against the consent and protest of the plaintiff. Wherefore the plaintiff prays that it may be ordered and decreed by said court, that the said deed from the plaintiff to said Elbridge may be so reformed as truly to express the said contract and understanding mutually entered into by the plaintiff and said Elbridge, as hereinbefore stated ; and that it may be further ordered and decreed by said court, that the said Elbridge reconvey to the plaintiff, by good and sufficient deed of warranty, the said undivided half of said real estate conveyed by the plaintiff to said Elbridge by his deed dated the 18th day of November, 1857, as aforesaid ; or that the said Elbridge pay to the plaintiff the full value of said undivided half of the real estate conveyed by the plaintiff to him as aforesaid, with interest, and for such other relief as may be just.

To this bill there was a demurrer.

The plaintiff afterwards had leave to amend his bill by making

John L. Safford a party defendant to the same, and also by adding the allegation that " said Safford took his deed of the premises, with a full knowledge of all the material facts stated in the bill."

The questions raised by the demurrer were reserved for the whole court.

*Burke*, for the plaintiff.

*Wait*, for the defendant.

LADD, J.   The bill shows very distinctly that the deed was made according to the intention and understanding of the parties at the time of its execution.   Clearly, therefore, no case is made for its reformation by the court.   From this it follows, also, that the prayer for a specific performance of the contemporaneous parol contract, as though it were incorporated into and formed part of the deed, must fail.

The plaintiff's grievance, then, comes to this,—the failure of the defendant to perform his parol agreement with reference to a reconveyance of the land; and the prayer of the bill upon that head is, that the defendant pay to the plaintiff the value of the real .estate conveyed by the deed.   Whether such value would be the proper measure of damages for a breach of the contract to reconvey we do not inquire, because we are of opinion that the plaintiff's remedy, if he have one for the breach of that contract, must be sought in an action at law.

*Demurrer sustained.*